## APPEAL OF MAX SARFERT.

Docket No. 3436.   Promulgated December 30, 1926.

*Held* that a loss was sustained as the result of the purchase and sale of German marks.

*William E. Howe, C. P. A.*, for the petitioner.
*M. N. Fisher, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency in income and profits taxes for 1919 in the amount of $31,689.16. The Commissioner has disallowed as a deduction an amount claimed as a loss resulting from the purchase and sale of German marks in connection with the purchase of machinery in Germany, on the ground that the purchase and sale of the marks was a part of the transaction wherein the machinery was purchased, and the loss should be treated as a part of the purchase price of such machinery.

### FINDINGS OF FACT.

The petitioner is an individual residing at 4902 North 13th Street, Philadelphia, Pa.

In 1919 he was engaged in the business of manufacturing hosiery under the name of Rockland Hosiery Mills. During that year the demands of his business required the purchase of certain machinery, which could be obtained only from one Carl Lieberknecht, in Chemnitz, Germany. Lieberknecht cabled quotations on the machinery in terms of marks and an order at the prices quoted was placed for three of the machines. On August 28, 1919, the petitioner purchased from Hans Weniger & Co. 1,500,000 marks, the total cost being $77,250. These marks were deposited to the credit of the petitioner in the Stahl Bank, in Stuttgart, Germany, to be used as the initial payment on the machinery.

In November the petitioner proceeded to Germany, and upon reaching Chemnitz was advised by Lieberknecht that marks would not be received in payment for the machines and that the machines would be delivered only if the purchase price was paid in American dollars. After investigating the financial conditions in Germany the petitioner agreed to make payment as demanded. The petitioner then sold 1,450,000 of the marks previously purchased, receiving therefor $39,219, which was applied on the purchase price of the machines.

The account with Hans Weniger & Co. arising from the purchase of the marks above mentioned was settled by payments amounting to $50,747.46 in 1919 and $26,502.54 on January 28, 1920.

The petitioner kept his books of account and reported his income on a cash receipts and disbursements basis.

### OPINION.

GREEN: It is the contention of the Commissioner that the purchase and sale of the marks was a part of the transaction of purchasing the machinery and the loss therefrom constitutes a part of the cost of such machinery, but that, if the Board should find that the purchase of the marks and the purchase of the machines were separate and distinct transactions, the purchase price of the marks having been paid, part in 1919 and the remainder in 1920, and the petitioner's returns having been made on a cash basis, the loss should be deducted partly in 1919 and partly in 1920, the amounts of the deductions to be determined on the basis of the payments made in the respective years.

On the facts before us, there can be little room for doubt that the purchase and sale of the marks and the purchase of the machinery were separate and distinct transactions. Treating the purchase of the machinery in the manner most favorable to the Commissioner, that is, that there was a contract for the purchase of the machinery which required payment in marks, we are nevertheless confronted with the fact that such a contract was never carried out, but that the machinery was actually purchased under a new contract, separate and distinct, requiring payment in American dollars, and the mere fact that part of the price paid was procured from the sale of marks which the petitioner then had, even though such marks were purchased for carrying out the provisions of the original contract, is too remote and far removed to be considered a part of the final transaction. It does not appear, however, that the purchase of the marks was any part of the original contract, but rather that the marks were purchased purely for the convenience of the petitioner in making payment under such contract.

The petitioner has suffered a loss from the purchase and sale of 1,450,000 marks and is entitled to deduct this loss under section 214 of the Revenue Act of 1918 which provides:

Sec. 214. (a) That in computing net income there shall be allowed as deductions:

*      *      *      *      *      *      *

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

The Commissioner takes the position that a deduction should be allowed in 1919 only to the extent that the payment on the purchase price of the marks made in that year exceeds the sale price. In this regard we need only to call attention to the fact that the loss was sustained on the sale of the marks in 1919, and that on consum-

mation of the sale the loss was definitely fixed and determined, and the fact that the account with Hans Weniger & Co. was not fully paid until 1920 can not make a loss sustained in 1919 deductible in 1920.

> *Judgment will be entered after 15 days'*
> *notice, under Rule 50.*